IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PRIEST,

    Petitioner,                    No. CIV S-07-0064 LKK KJM P

  vs.

D.K. SISTO, Warden, et al.,

    Respondents             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254; the exact nature of his challenge is at issue in the pending motion to dismiss.

A.  Background

        On July 9, 1987, petitioner was sentenced to a term of seventeen-years-to-life following a conviction of second degree murder and the use of a gun. Petition (Pet.), Ex. A at 14. At the sentencing, the judge informed petitioner that upon his release from prison, he would be "placed on parole for a period not to exceed seven years." Id.

        Petitioner alleges that as part of his plea agreement, he was promised by trial counsel and the prosecutor that he would serve no more than twelve to fourteen years of the sentence. In support of this claim, he proffers two declarations. In his own, he claims he was

1

promised by trial counsel that his term would "be fixed at the 12-14 years range by the Board of Prison Terms" and that he would not have pled guilty had he known this would not occur, his parole period would be fixed at life rather than seven years, and the parole board would become politicized and would operate under a "no parole" policy for murderers. Pet., Ex. C. Trial counsel avers that he discussed the matrix of base terms for murder with petitioner before petitioner entered his plea and predicted that the parole board would apply the 12-14-16 year triad to the calculation of petitioner's base term; he also contends he would not have allowed petitioner to plead guilty to second degree murder had he been able to predict the politicization of the parole system. Opposition (Opp'n), Ex. B.

Petitioner first appeared before the parole board on August 14, 1997; parole was denied for three years. On July 17, 2001, petitioner stipulated he was unsuitable for parole. At a hearing held on July 17, 2002, the Board found him unsuitable and denied parole for three years. The subsequent hearing was delayed, however, and not held until January 4, 2006, resulting in a one-year denial. The last hearing, on January 4, 2007, also resulted in a one year denial. Motion To Dismiss (MTD), Ex. 1.

On November 8, 2005, petitioner filed a habeas petition in San Joaquin County Superior Court. MTD, Ex. 2.[1] The superior court directed an informal response on the question whether petitioner had received his subsequent hearing, originally scheduled for July 17, 2005,

/////
/////
/////
/////
/////

---

[1] Respondent has not included the attachments to the state habeas petition even though the nature of petitioner's claims were not listed on the Judicial Council form, which referred the reader to the attached pages.

but denied the remainder of the writ, reasoning in part:

> Petitioner also contends that he was wrongly denied a parole date at his last suitability hearing.  The decision at issue was rendered by the Board following a hearing on July 17, 2002.  Petitioner has failed to provide any explanation for the delay in filing this petition . . . Further, petitioner has failed to provide the court with either a transcript of the hearing or the board's reasons for its decision.  Absent such evidence, the court cannot review the merits of the decision.

MTD, Ex. 2 (San Joaquin Superior Court Order filed Nov. 22, 2005).  The California Supreme Court denied a subsequent habeas petition on November 29, 2006.  Pet., Ex. F.

The instant petition raises three grounds in somewhat abbreviated fashion: (1) petitioner has a constitutional right to have the state comply with its part of the plea agreement; (2) petitioner must be permitted to withdraw his plea, and (3) plea agreements are contracts requiring the state to live up to its part of the contract.  Pet. at 5A.  In his statement of facts, petitioner asserts he was assured he would serve no more than twelve to fourteen years and a parole term of seven years in exchange for his guilty plea to second degree murder.  He also says, at the time of his plea, California Penal Code § 5075 provided that the members of the parole board, known as the Board of Prison Terms, should reflect a cross-section of the community, a provision which is now ignored and that he was not provided with a timely suitability hearing.  Pet. at 5B.

Respondent argues that petitioner's challenges to the purported plea bargain and to the 2002 parole suitability hearing are barred by the statute of limitations and that the challenge to the length of parole is not ripe.  Petitioner counters that his challenge to his plea bargain is not time-barred because the promise was not stated on the record and he had "to obtain evidence before he was able to raise this claim." Opp'n at 2-3.[2]  He also argues he is not

/////

---

[2] Page citations are to those assigned by the CM/ECF system.

challenging the 2002 denial but rather "a recent policy change by the governor's office. . . ." Id. at 3.  Finally, he argues that the challenge to his parole period should be addressed.

II.  The Statute Of Limitations And The Plea Bargain

Petitioner alleges he pled guilty to second degree murder in 1987 on the assurance that he would serve a term of twelve to fourteen years.  Pet. at 5B & Ex. C.  As noted, respondents argue this claim is barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Respondent argues that because petitioner was sentenced on July 9, 1987, a fourteen year term would have expired no later than July 9, 2001, which arguably would have been the "date upon which the factual predicate of the claim . . . could have been discovered. . .." MTD at 3.  With July 9, 2001 as a starting date, the statute of limitations expired on July 10,

4

1  2002, and would not have been revived by petitioner's 2005 habeas petition filed in the Superior
2  Court.  Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003) (state petition filed outside the
3  statute of limitations does not revive it).  MTD, Exs. 1 & 2.  Plaintiff counters that the year did
4  not begin to run until he "had discovered the new evidence to support his claim" because the
5  promise of twelve to fourteen years was not made in open court.  Opp'n at 3.

6  The discovery of "the factual predicate" of a claim may give rise to a new
7  limitations period.  Hasan v Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001).  However, it is not
8  necessary for a petitioner to understand the legal significance of the facts; rather, the clock starts
9  when a petitioner understands the facts themselves.  Id. at 1154 n.3.

10  Petitioner does not say he was unaware of the factual basis of his claim in 2001,
11  only that he had to obtain evidence before raising the claim.  Moreover, he does not explain why
12  it took him until 2005 to secure trial counsel's declaration concerning the guilty plea and the
13  discussion of petitioner's sentence.  Opp'n, Ex. B.  He has not borne his burden of demonstrating
14  the petition is timely as to this claim.

15  II. The Statute Of Limitations And Parole

16  Respondent alleges that petitioner's second challenge must focus on the July 17,
17  2002 denial of parole and that it, too, is barred by the statute of limitations.  MTD at 4 & Ex. 1.
18  Petitioner counters that he is not challenging a particular hearing, but rather the change in the
19  composition of the parole board and adoption of a no-parole policy.  Opp'n at 3.  Petitioner has
20  cited nothing, nor has the court been able to find case law, suggesting that a habeas challenge to
21  a changed policy is exempt from the AEDPA's statute of limitations.  As with other claims
22  outside the usual challenge-to-a-conviction context, the AEDPA limitations period began to run
23  when the factual predicate of the claim could have been discovered through the exercise of due
24  diligence.  See Redd v. McGrath, 343 F.3d 1077, 1083 (9th Cir. 2003) (limitations period for
25  challenge to denial of parole begins to run when inmate received denial of administrative
26  appeal).

Even if petitioner was unaware of the alleged change in the composition of the board and of the no-parole policy earlier, it is logical to assume he became aware of the impact of these policies at his hearing on July 17, 2002. Under this scenario, the statute of limitations began to run on July 18, 2002 and expired on July 18, 2003, long before petitioner filed his initial state habeas petition. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). Petitioner has not suggested an alternative date on which he became aware of the changed policies and thus has not borne his burden of showing the petition is timely. See Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to the applicable statute of limitations, petitioner has the burden of providing an adequate response).

III.  Ripeness And The Parole Term

Respondent argues that petitioner's challenge to the term of his parole is not ripe because it is possible petitioner will never be found suitable for parole. MTD at 5. Petitioner relies on state cases, which, he claims, recognize the validity of such a challenge. He also argues he is entitled to have the promise enforced because it was made as part of his plea bargain.

Giving the petition the liberal reading to which it is entitled, the court finds petitioner is claiming that the life parole term constitutes a breach of his plea bargain, which is cognizable as an attack on the voluntary and knowing nature of the plea rather than on the potential execution of the sentence. As such, it is cognizable. Compare Carter v. McCarthy, 806 F.2d 1373, 1375-77 (9th Cir. 1986) (failure to inform petitioner of mandatory parole term undercut voluntariness of the plea and violated plea bargain cognizable) with United States v. Veal, 322 F.3d 1275, 1278 (11th Cir. 2003) (challenge to term of supervised release which required compliance with state sex offender laws not ripe because unclear whether law "would

/////

/////

remain in effect and unamended" until defendant's release). Because this claim is, in essence, a challenge to petitioner's plea, the court finds it is ripe.[3]

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted as to petitioner's claims that his sentence exceeds his bargained-for term of twelve-to-fourteen years and that changes in the composition of the parole board and parole policy violate his rights, but denied as to the claim that his plea bargain has been violated by his eligibility for parole supervision for life.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 8, 2008.

_____
U.S. MAGISTRATE JUDGE

2

prie0064.157

---

[3] The court expresses no opinion on the question whether this challenge is timely; respondent did not raise the issue and so petitioner has not been put on notice of his obligation to respond to such a claim.  Herbst, 260 F.3d at 1042-43.

7