UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID PRIEST, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:07 CV-0064 AWT |
| | ) | |
| v. | ) | **ORDER of DISMISSAL** |
| | ) | |
| D.K. SISTO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

David Priest is a California State prisoner who is currently serving a sentence of 17 years to life for his 1987 conviction of second-degree murder with use of a firearm. Docket No. 1, Exh. A at 14. In 2007, Priest filed a habeas petition with this court, alleging that the state had violated the terms of his unwritten plea agreement. *Id.* at 5B. According to Priest, at the time he pled

guilty the State promised him that he would be released after serving only twelve to fourteen years of his sentence. *Id.* Priest also alleged that the State promised him a maximum period of seven years' parole. *Id.*

In an order dated June 2, 2008, this court held that all of Priest's habeas claims, save one, were barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Docket No. 15; *see also* Docket No. 11 (Magistrate Judge's Finding and Recommendations). The sole claim to survive that order was Priest's assertion that his guilty plea was involuntary because the State had not followed through on its promise to limit his parole term to seven years.

The State filed its Answer to Priest's habeas petition on November 24, 2008. Docket No. 17. Priest filed his Traverse on February 19, 2009. Docket No. 22. Having considered the pleadings, record, and the arguments of the parties, and good cause appearing, the court determines, pursuant to Rule 8(a), Rules Governing § 2254 Cases in the U.S. Dist. Courts, that Priest's habeas petition may be ruled on without an evidentiary hearing.

## Discussion

Because Priest filed his habeas petition after the AEDPA's effective date, it is subject to the AEDPA's limitations on federal habeas review. *See Lindh v.*

*Murphy*, 521 U.S. 320, 326-27 (1997).  Those limitations provide that Priest's habeas petition may only be granted if the state courts' adjudication of his claims: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) & (2).

Priest's sole remaining claim is that his plea agreement was not voluntary because he was not fully informed about the term of parole that would result from his plea.[1]  He asserts that he was promised a maximum term of seven years' parole at the time he pled guilty.  *See* Docket No. 1, Exh. A at 14 ("Mr. Priest, at the expiration of your period of incarceration, you'll be placed on parole for a period

---

[1] When a prisoner asserts that the state has violated the terms of his plea agreement, he has two alternative modes of recourse.  He can seek to have his guilty plea rescinded on the ground that it was not voluntary, or he can seek specific performance from the state.  *See Santobello v. New York*, 404 U.S. 257, 263 (1971).  Priest has sought only the former course of action here.  *See* Docket No. 1, at 5B.  Priest cannot seek specific performance from the State because his claim is not yet ripe.  *See*, *e.g.*, *United States v. Streich*, 560 F.3d 926, 932 (9th Cir. 2009); *United States v. Abbouchi*, 502 F.3d 850, 859 (9th Cir. 2007).  He must wait until he is granted parole to pursue any such claim.  *Cf. Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) (holding that statutory bar on "second or successive" petitions does not apply to claims that could not have been raised earlier because they were not yet ripe).

not to exceed seven years . . . ."). A document that Priest discovered in his file, however, suggests that Priest actually received a term of life on parole. *See* Docket No. 17, Exh. 1 at Exh. H; *see also* Cal. Penal Code § 3000.1(a) (establishing life term of parole for anyone convicted of "second degree murder with a maximum term of life imprisonment"). Priest claims that he never would have pleaded guilty if he had known he would receive lifetime parole; thus, that his guilty plea must be vacated. *See Brady v. United States*, 397 U.S. 742, 748 (1970) ("[Guilty pleas] must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.").

In order for Priest to succeed on his claim, the length of his parole term must constitute a "direct" consequence of his guilty plea. *See United States v. Amador-Leal*, 276 F.3d 511, 514 (9th Cir. 2002) ("A plea is voluntary only if it is entered by one fully aware of the *direct* consequences of his plea of guilty . . . the court need not advise him of all the possible collateral consequences." (quoting *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir.1988) (emphasis in original)); *see also Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006) ("A consequence is 'direct' where it presents 'a definite, immediate and largely automatic effect' on the defendant's range of punishment."). The Supreme Court, however, has not yet held that the length of a parole term is a direct consequence of a guilty plea. In

fact, the Supreme Court has not even held that *eligibility* for parole – a potentially far more serious question – is a direct consequence of a guilty plea. *Lambert v. Blodgett*, 393 F.3d 943, 981 n.26 (9th Cir. 2004); *see also Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary . . . ."); *cf. Lane v. Williams*, 455 U.S. 624, 630 (1982) (assuming, but not deciding, that failure to advise a defendant of a mandatory parole term rendered his guilty plea constitutionally invalid).

Because no Supreme Court case law supports Priest's claim, the state courts' denial of his claim did not amount to an unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States," as required by the AEDPA. 28 U.S.C. § 2254(d)(1); s*ee Carey v. Musladin*, 549 U.S. 70, 77 (2006) (concluding that state court decision did not result in an unreasonable application of Supreme Court precedent because there was no Supreme Court precedent addressing that area of law). Accordingly, Priest's sole remaining claim must be dismissed.

## Conclusion

For the reasons set forth above, the court determines that the petition fails to

state a viable claim for relief under federal law.  Accordingly, the petition for writ of habeas corpus is **DISMISSED.**

Dated:	September 3, 2010.

/s/    *A. Wallace Tashima*
A. WALLACE TASHIMA
United States Circuit Judge
Sitting by Designation
